IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES E. COOKE, | § | |
| | § | No. 309, 2017 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 0506005981 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: February 7, 2018
Decided: February 21, 2018

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 21st day of February, 2018, having considered the briefs and the record below, it appears to the Court that:

(1) On April 13, 2012, a jury convicted James E. Cooke of two counts of first degree murder, first degree burglary, first degree rape, first degree arson, first degree reckless endangering, two counts of second degree burglary, second degree robbery, and misdemeanor theft. He was sentenced to death. On April 4, 2017, after this Court declared the death penalty unconstitutional in *Rauf v. State*[1] and applied

---

[1] 145 A.3d 430 (Del. 2016).

it retroactively in *Powell v. Delaware*,[2] Cooke filed a motion to vacate his death sentence. The Superior Court granted the motion and resentenced Cooke to life without parole or reduction.

(2) On appeal, Cooke argues that the Superior Court violated his constitutional rights because it did not consider a term of years under 11 *Del. C.* § 4205, and because a mandatory life sentence without parole for first degree murder violates the Eighth and Fourteenth Amendments of the United States Constitution.[3] We review questions of law and constitutional violations *de novo*.[4]

(3) Cooke first argues that this Court declared 11 *Del. C.* § 4209 unconstitutional in its entirety, and thus the court should have sentenced him under 11 *Del. C.* § 4205.[5] We rejected this argument in *Norcross v. State*.[6] Thus, the argument is without merit.

(4) Cooke next argues that a mandatory life sentence without parole or reduction for first degree murder violates the Eighth and Fourteenth Amendments to the United States Constitution.[7] He cites no cases to support this argument; rather,

---

[2] 153 A.3d 69 (Del. 2016).
[3] U.S. CONST. amends. VIII, XIV.
[4] *State v. Reyes*, 155 A.3d 331 (Del. 2017).
[5] Opening Br. at 8–9, 11.
[6] 2018 WL 266826, at *1 (Del. Jan. 2, 2018) (TABLE).
[7] Opening Br. at 14–15.

he points out that other states apply different sentences.[8]  But "[t]he Eighth Amendment is not violated every time a State reaches a conclusion different from a majority of its sisters over how to best administer its criminal laws."[9]  As we explained in *Williams v. State*,  "[t]he Delaware legislature's determination to draw the line as it did . . . is justifiable because of the violent nature of the crimes involved."[10]  We thus defer to the General Assembly's determination.[11]

(5)     Cooke argues the sentence violates his Fourteenth Amendment rights because he would have tried the case differently had he known that a mandatory life sentence was the only sentence for first degree murder.[12]  He does not explain, however, how his strategy would have differed, or why it would have changed the outcome of the case.  Lacking any support for his argument, we find that the Superior Court did not violate Cooke's constitutional rights in sentencing him to life without parole or reduction.

---

[8] *Id.* at 12–14.  This Court has routinely upheld mandatory life sentences for first degree murder, and even for habitual violent offenders.  *See*, *e.g.*, *Norcross*, 2018 WL 266826; *Stevenson v. State*, 2017 WL 6330741 (Del. 2017) (TABLE); *Manley v. State*, 173 A.3d 85, 2017 WL 4772572 (Del. 2017) (TABLE); *Reyes*, 155 A.3d 331; *Phillips*, 154 A.3d 1130; *Wallace v. State*, 956 A.2d 630 (Del. 2008); *Bryant v. State*, 620 A.2d 856, 1993 WL 22040 (Del. 1993) (TABLE); *Tate v. State*, 571 A.2d 788, 1990 WL 17762 (Del. 1990) (TABLE).

[9] *Williams v. State*, 539 A.2d 164, 180 (Del. 1988) (quoting *Spaziano v. Florida*, 468 U.S. 447, 464 (1984)).

[10] *Id.*

[11] *Solem v. Helm*, 463 U.S. 277, 290 (1983) ("Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence . . . .  In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is [constitutional].").

[12] Opening Br. at 14–15.

3

NOW, THEREFORE, it is hereby ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice